424 F.2d 941
 138 U.S.App.D.C. 28
 SOUTH ATLANTIC & CARIBBEAN LINE, INC., Petitioner,
v.
FEDERAL MARITIME COMMISSION and United States of America,
Respondents, Transconex, Inc. and United
Freightways Corp., Intervenors.
 No. 23118.
 United States Court of Appeals, District of Columbia Circuit.
Argued March 3, 1970.
Decided April 3, 1970.
 
 Mr. John Mason, Washington, D.C., with whom Mr. Bradley R. Coury, Washington, D.C., was on the brief, for petitioner.
 Mr. Robert B. Nicholson, Atty., Dept. of Justice, for respondents.
 Messrs. James L. Pimper, Gen. Counsel, Federal Maritime Commission, Norman C. Barnett, Atty., Federal Maritime Commission, and Irwin A. Seibel, Atty., Dept. of Justice, were on the brief for respondents. Mr. Kenneth H. Burns, Solicitor, Federal Maritime Commission at the time the record was filed, also entered an appearance for respondent Federal Maritime Commission.
 Mr. Arthur Liberstein, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Mr. Joseph Rotwein, Washington, D.C., was on the brief, for intervenors.
 Before BAZELON, Chief Judge, and LEVENTHAL and ROBINSON, Circuit judges.
 PER CURIAM:
 
 
 1
 The briefs and argument of counsel range over a number of issues that do not warrant comment or decision. The order and report of the Federal Maritime Commission are printed in F.M.C. 10 S.R.R. 997 (1969) (Pike & Fischer), and there is no need to recapitulate the factual background. The nub of the case is that the carrier entered an embargo on such containers as would by characteristics of origin and ownership make applicable a union demand, accepted by the stevedores in a collective bargaining agreement, for the doing of additional work ('stripping' loaded containers to an empty status, and 'stuffing' them back to a reloaded status) in the course of moving from the wharf terminal to the vessel containers that carried a mixed lot and originated less than 50 miles from the port of Miami. The Commission's order of April 4, 1969, requiring petitioner to cease and desist from enforcing its embargo notice, which it had sought to justify on the basis of threatened cargo congestion, was accompanied by a report which found, inter alia, that there was no emergency justifying an embargo in that the union was not then in fact requiring that the work be done. The report of the Commission suggested that the interested parties negotiate in order to reach a solution for the on-going controversy. We are advised that subsequently the carrier proceeded by instituting a tariff change to cover the cost of extra work done, the union waived any claim as to past failure to have the extra work done, and there is no order of investigation with respect to the tariff presently in effect. Assuming that the case before us is technically not moot because of the contingency of possible liability if other proceedings should be begun against the embargoing carrier, we discern no continuing controversy of importance that would merit extensive analysis of issues lurking in the case. It suffices to say that on the particular and special fact situation found by the Commission, we conclude that its order should be
 
 
 2
 Affirmed.